
FILED
SEP 23 2021
[Clerk signature]
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| BORNS GROUP, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br>ROBERTS BUSINESS MACHINES,<br><br>        Defendants. | 1:21-CV-01005-CBK<br><br>ORDER |

      Plaintiff Borns Group, Inc. (hereinafter, Borns Group) filed a complaint against defendant Old Dominion Freight Lines, Inc. (hereinafter, Old Dominion) in South Dakota Circuit Court, Third Judicial Circuit, Codington County, on December 11, 2020, 14CIV20-000476. Following admission of service, Old Dominion filed a notice of removal in state court on February 9, 2021, at 9:51 a.m., on the basis of federal pre-emption. Five minutes later, at 9:56 a.m., Borns Group filed an amended complaint in state court adding Robert (sic) Business Machines as a defendant. Two hours after filing the notice of removal in state court, at 12:02 p.m., Old Dominion's notice of removal (of the original state court complaint which named only Old Dominion as a defendant) was docketed in federal court. Later that day, at 2:10 p.m., Borns Group filed an edited copy of the amended complaint changing the named defendant's name to Robert<u>s</u> Business Machines (emphasis added).

      Old Dominion filed an amended notice of removal in federal court on February 22, 2021, seeking removal of the purported amended state court complaint. Old Dominion did not file the amended notice of removal in state court. On that same date, Borns Group filed a motion to remand the claims against Roberts Business Machines back to state court. Borns Groups alternatively, seeks leave to file an amended complaint in federal court adding Roberts Business Machines as a defendant.

Borns Group effected service of the purported amended state court complaint upon Roberts Business Machines on March 15, 2021, and such admission was filed in state court on March 25, 2021. Roberts Business Machines has not filed an appearance in either state or federal court.

28 U.S.C. § 1446(d) provides that, after filing of the notice of removal, "the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." The Eighth Circuit has made clear that "removal is effected when the notice of removal is filed with the state court and at no other time." Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996), *quoted with approval in* Brooks v. Liberty Life Assurance Co. of Bos., 937 F.3d 1144, 1145 (8th Cir. 2019).

Section 1446(d) is clear that a case is automatically removed from state court after the notice of removal is filed in state court. The amended complaint filed in state court after the notice of removal was filed is a nullity as the state court no longer had jurisdiction after the filing of the notice or removal.

Although Old Dominion filed an amended notice of removal to remove the purported amended complaint, such notice is also a nullity. The amended complaint adding Roberts Business Machines as a party was not properly removed because the state court amended complaint was filed after the filing of the notice of removal. The amended state court complaint is not properly before this court and therefore Roberts Business Machines is not a proper party to this case.

The motion to remand claims against Roberts Business Machines should be denied because there are no such claims properly pending before this court. Borns Group's alternative motion to amend the federal court complaint has not been properly presented as no proposed amended complaint has been filed for review by the Court. Counsel is reminded to comply with the Court's Standard Operating Procedures prior to filing any motion to amend the complaint or to add parties. A review of the S.O.P. makes is clear

that a litigant does not use an amended complaint (which Borns Group has attempted to do here) to add a party.

Now, therefore,

IT IS ORDERED that the motion, Doc. 7, to remand or to amend the complaint is denied.

IT IS FURTHER ORDERED that the clerk shall terminate the case against Roberts Business Machines.

DATED this 23rd day of September, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge